NABORS, Judge ad hoc.
Plaintiff, Oscar P. Mohr, a registered architect filed this suit against Miss Sena D. Furlow to recover $350 for professional fees allegedly due for the following services: $50 for inspection of unsatisfactory shoring work by a contractor who had filed suit on the contract; and $300 for the drafting of plans and supervision of the remodeling of defendant’s house in Gretna, Louisiana. Defendant appeals from the judgment of the Twenty-Fourth Judicial District Court, Parish of Jefferson, ordering her to pay plaintiff $350 and all costs.
The inspection of defendant’s house was made in September, 1948, at the request of defendant’s brother, the late Thomas E. Furlow, who was a co-defendant with his sister in the contractor’s suit for recovery of the contract price for work improperly performed. It is undisputed that the purpose of the inspection was to enable plaintiff to be an expert witness in the suit filed by the contractor and that both the plaintiff and Mr. Furlow contemplated that the plaintiff’s fee as an expert witness in the suit would pay for the services rendered in making the inspection. The court’s refusal to order security for the payment of plaintiff’s fee as an expert witness and Mr. Furlow’s unwillingness to pay the fee in advance was followed by plaintiff’s refusal to testify as an expert in the case. Although the plaintiff did not testify as an expert in the contractor’s suit, the record contains an admission by Mr. Fur-low that he used plaintiff’s inspection report in drafting the pleadings and the similarity between the standards of work recommended in the report and the requirements imposed on two men known as Victor and George who built additional piers and shored the defendant’s house indicates that plaintiff’s inspection report was worth the $50 fee which he claims in this suit.
Practically every issue concerning the alleged contract for plaintiff’s services as architect for the remodeling of the defendant’s house is disputed by the parties. Defendant, a person of limited means, desired to make changes in and additions to her house, but the work was contingent upon obtaining a loan of a size which would limit her to the employment of laborers who would work by the hour in doing an inexpensive job. Mr. Furlow suggested that plaintiff, a client, could furnish plans which would be helpful in remodeling the house. Mr. Furlow also caused his sister to believe that he would arrange for the payment of plaintiff’s fee. Both the defendant and Mr. Furlow deny an agreement to pay architect’s fees equal to 10% of the cost of the work or $300.
The preliminary sketch marked P-9 which plaintiff made was unsatisfactory and the first set of plans, identified as P-3, P-^l and P-5, which apparently were completed in April 1949, were rejected by defendant. A second set of plans identified as P-2 and elaborate specifications identified as P-6 which were completed by plaintiff on May 22, 1949, also were rejected by defendant who, at the time of rejection, instructed her brother to terminate the plaintiff’s services. Immediately after defendant rejected the second set of plans, Mr. Furlow, in a telephone conversation with *207 plaintiff, advised him that his services as an architect for Miss Furlow were terminated.
Plaintiff contends that on a visit to Miss Furlow’s house after the completion of the second set of plans, Miss Furlow fired him and he also claims that on this occasion he gave instructions to two workmen, Victor and George, who according to his testimony, had possession of the plans for use in remodeling the house. Victor denies that the plans were given to him and Miss Furlow testified that the plans were not used in the remodeling work. Mr. Thomas E. Furlow likewise denied that the remodeling work was done according to the plans and specifications furnished by the plaintiff.
For the purpose of proving a contract for a 10% fee, plaintiff introduced in evidence a carbon copy of a bill (dated July 26, 1949) for $52.80, the expenses which he incurred in the preparation and revision of the plans and specifications. Although the bill contains the statement, “Architect’s fee as agreed 10% of cost. (Approximately $3,000.00)”, the fact that the bill bears a date some two months after the termination of the plaintiff’s services is strong circumstantial evidence that the payment of the sum of $52.80 constituted a settlement of plaintiff’s claims for professional services rendered to defendant. Mr. Fur-low’s unequivocal testimony substantiates and confirms the conclusion that the $52.80 payment to plaintiff on July 26, 1949 constituted a settlement of his claim for professional services to defendant. Pursuant to the request to terminate plaintiff’s services which defendant made in rejecting the second set of plans, Mr. Furlow advised plaintiff that his services were discontinued. Referring to the telephone conversation in which he discharged plaintiff, Mr. Furlow said:
“From that time forward, Mr. Mohr submitted no plans, no specifications or anything else, nor did I see Mr. Mohr again until he came to me with a bill for clerical services which he said he had to pay to third parties because his limited means did not permit him to employ regular clerks, draftsmen and other employees used by architects. I told him that since he had apparently incurred those expenses and without any commitments beyond that, that would be paid, and it was1. I told Mr. Mohr at that time that that settled any relations with respect to any additions or repairs to Miss Furlow’s house because she had no plans and specifications of his that she had approved or would approve. Insofar as I could see, that terminated the whole matter.”
Plaintiff’s conduct in accepting the $52.80 payment on July 29, 1949 and in then permitting 15 months to lapse without making a demand for the fees he now alleges are due him is circumstantial evidence supporting Mr. Furlow’s testimony that the $52.80 payment settled the account in full. During the period of November 9, 1950 to March 19, 1951, from 15 to 18 months subsequent to his acceptance of payment of $52.80, plaintiff rendered three bills for three different amounts allegedly due for the same services. On November 9, 1950 plaintiff submitted to Mr. Thomas E. Fur-low a bill for $200 (less a credit of $52.80) for architectural services in connection with the remodeling of defendant’s house. On December 11, 1950 plaintiff’s attorney wrote defendant a letter demanding $300 (less credit of $52.80) for the same professional services, and on March 19, 1951 by a letter from his attorney plaintiff demanded payment of $350 ($300 for 10% fee and $50 as inspection fee).
Even if plaintiff had not accepted $52.80 on July 26, 1949 in settlement of his claim for professional services, he would have no right to recover payment for any of the bills submitted in 1950 and 1951. The termination of plaintiff’s services in the latter part of May, 1949 relegated any claims which he might have to recovery upon either the theory of breach of contract or quantum meruit. The record contains no evidence which will support a judgment on either theory. There is no evidence of the value of professional *208 services above the sum of $52.80 accepted as a settlement. Supervisory services were not rendered because the remodeling work was not begun until after the termination of plaintiff’s services in the latter part of May, 1949. Furthermore, plaintiff’s contention that his plans and specifications were used in remodeling the house is rebutted by testimony of defendant and -her witnesses. In- view of the attorney-client relationship of plaintiff and Mr. Furlow in 1949 it seems probable that the defendant’s remodeling job may have been the subject of some conversations with Mr. Fur-low as contended by plaintiff, but the record contains no evidence that, after the date of termination of his services, plaintiff rendered professional services for which he had a right to expect payment.
For the reasons assigned the judgment of the district court is amended by reducing the amount thereof to $50 and in all other respects it is affirmed; costs of this appeal are to be paid by plaintiff.
Amended and affirmed.